Rees®, J.
delivered the opinion of the court.
Complainant is the son of John Kennedy, defendant, and the defendant, Jacob Howard, is his son-in-law. The bill alleges that in 1834 the defendant, J. Kennedy, by way of advancement to complainant, made to him a parol gift of the tract of land near Jonesboro’, worth near five thousand dollars, and put him in possession thereof, and the complainant occupied and enjoyed the same as his own for several years. In 1840, execution against said J. Kennedy upon two small judgments, amounting together to $ 150, were levied on the tract of land, and the same was sold by the sheriff for the amount of the executions to the execution creditor — that af-terwards, in the same year, the defendant, Howard, as agent of J. Kennedy, or on his behalf and for his benefit, paid to the execution purchaser the amount of his bid with 10 per cent, and took from him a written direction to the sheriff to make him a title to the land, and the sheriff did make him a deed for the same; that afterwards, John Kennedy gave to complainant his bond, binding himself for the consideration of five thousand dollars, therein acknowledged to have been received by the defendant, J. Kennedy, from the complainant, to convey' by deed the tract of land to the complainant — said bond stating that the legal title was then in J. Howard; and to this bond J. Howard became an attesting witness; that afterwards, and before the expiration of two years from the time of the sheriff’s sale, the complainant offered and attempted to redeem from the defendant, Howard, by paying to him the amount of money advanced by Howard; that in this offer he acted as the agent of J. Kennedy and for himself; but that Howard declined to receive the money, and by evasion and fraudulent promises of permitting him to pay it *69 at any future time, postponed the matter till' the end of two years from the sale, when he claimed the land and refused redemption; that after the execution sale, and the making the sheriff’s deed to Howard, and after the bond of J. Kennedy to him, he had, with the knowledge of the defendants, and in the character of owner of the land, made valuable and expensive improvements. The bill prays that on complainant’s paying to Howard the amount bid at sheriff’s sale, with the interest prescribed by law, he may be divested of the legal title to the said tract, and that the same may be vested in complainant. As against J. Kennedy, the bill was taken pro confesso and heard ex parte. It is not necessary that we should state at length the grounds of defence set uj^ in the answer. We are of opinion that the admissions contained in it, connected with the proof, establish the material grounds of relief insisted on in the bill. Considering the complainant as standing towards Howard, by virtue of Kennedy's title bond, in the attitude of the latter, and clothed with his equities, there is no doubt that he would be entitled to draw from Howard the legal estate upon the payment of the purchase money. But, it is said, that this is a bill for the specific execution of a voluntary executory contract by the ven-dee against the vendor, and that, in such a case, although a contract executed will not be disturbed at the instance of the vendor or of volunteers claiming under him in a court of chancery, and although a contract in fieri resting upon a meritorious consideration, that is, made in behalf of a wife or child, will be enforced in behalf of such child or wife against the heirs at law, it will not be thus enforced against the voluntary vendor or settler himself. This latter proposition is controverted by complainant’s counsel, and he insists that a contract in fieri, although voluntary, if sustained by a meritorious consideration, will be enforced in equity against the voluntary vendor or settler himself. To maintain this, we are referred to recent chancery decisions in England. But those decisions have been questioned in still more recent cases and have not been as yet acquiesced in. The complainant contends, moreover, that the making of valuable and expensive improvements upon the land, as alleged in the bill and *70 proved by Hie pro confesso against J. Kennedy, constitutes a pecuniary consideration in addition to the meritorious one, and that a slight pecuniary consideration will, in such cases; suffice, according to well settled chancery principles; he contends still further that although the bill alleges that when he was placed in possession of the land, it was by a parol gift of the land from his father; yet when the bill, afterwards, comes to state and set forth the execution of the title bond, it does not speak of that as voluntary; and the bond itself acknowledges the reception of a pecuniary consideration of five thousand dollars, which, in the absence of any thing to'disprove it, will be taken as true, as against J. Kennedy. Without determining whether, upon any of these grounds, the complainant can have relief, (and it is probable that upon some of them he can,) we are of the opinion that the complainant, if he seek no decree against Kennedy, may be regarded as the assignee of the equitable estate of J. Kennedy by the legal effect of the bond of the latter, and clothed with his equities against Howard, upon the ground of which he has a right to draw from Howard to himself the legal estate outstanding in Howard at the time of the title bond or equitable assignment to him from Kennedy. In this view we make no decree against J. Kennedy, and do not trench upon the general question so debateable, first alluded to. To that character of relief, and to that extent, we think the complainant is, upon every principle, entitled; and so accordingly decree.